The Supreme Court reversed the decision of the Court below on January 17, 1853, in the following opinion per :
Lowrie, J.
The Act of Assembly to incorporate this company gives a special remedy to the “owners” for any land entered upon or occupied by the company for the purpose of making their road, and this suit is in trespass in the common form. One of the pleas is substantially that the acts complained of were done in-pursuance of the statute and the right of entry granted by it Of course the company had a right to prove their plea and if they had proved it, what would have been the result ? If it is immaterial, the judgment would still have been against them, on the plea of not guilty, which was found against them. If it contains a sufficient defence the judgment would still have been in their favor, notwithstanding a verdict against them on the other plea. The plaintiffs below say that it is immaterial because the special remedy provided by the Act is given only to “owners” of land and not lessees which they are. But this is too strict a construction of the remedy provided. He is an owner of land in the meaning of the law, who has any interest in it, that is affected by the entry of the company. And this result cannot be evaded by saying here, that the injury complained of, is of a character not contemplated by the law; for .the defendant’s plea offers to prove that it is, and the Court excluded them *416 from the benefit of their plea, by declaring that the parties plaintiff' were not entitled to that remedy, being only lessees and not owners within the meaning of the law.
Where a witness shows that he is acquainted with the land, he may say whether or not, the injury to plaintiffs is exceeded by the advantage of the road to them. We see no other matter of evidence that requires correction.
Judgment reversed and new trial awarded.